(109 So. 176)

## WAINWRIGHT v. STATE.  (3 Div. 522.)

(Court of Appeals of Alabama.  June 15, 1926.)

**I. Criminal law ☞695(4).**

Defendant's objections during trial, no grounds for which were stated, *held* properly overruled.

**2. Criminal law ☞363.**

In prosecution for using insulting language in presence of woman, evidence of things said and done at time and place *held* part of res gestæ.

Appeal from Circuit Court, Autauga County; G. F. Smoot, Judge.

W. D. Wainwright was convicted of using insulting, etc., language in the presence of a woman, and he appeals. Affirmed.

Guy Rice, of Prattville, for appellant.

Defendant should have been permitted to show the surroundings, habits, etc., of the woman.  Golson v. State, 86 Ala. 601, 5 So. 799; Ethridge v. State, 124 Ala. 106, 27 So. 320.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. [1, 2] The evidence in this case presented a clear-cut issue of fact for the determination of the jury.  That for the state consisted of the testimony of one Bonnie Carter, whose evidence tended to show a very reprehensible course of conduct upon the part of this appellant and his associates upon the alleged occasion in question. All that was said and done at that time and place by the parties present, and relating to the whole transaction, was of the res gestæ, and therefore properly admitted in evidence by the court.  The several exceptions reserved in this connection are without merit. The "objections" interposed by defendant throughout the trial stated no grounds upon which they were predicated, and for this reason the court was also justified in its rulings,

as the law does not place upon a trial court the burden of casting about for grounds of objection in order to sustain the party who interposes the objection. However, an examination of all the exceptions reserved to the rulings of the court fails to disclose any error necessitating or authorizing a reversal of the judgment of conviction appealed from.

The judgment is affirmed.

Affirmed.